1

The Honorable Richard A. Jones

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT FOR THE
    WESTERN DISTRICT OF WASHINGTON
9              AT SEATTLE

10  UNITED STATES OF AMERICA,            NO.  2:09-cr-00158-RAJ

11                  Plaintiff

12              v.                          ORDER ON DEFENDANT'S MOTION
                                            FOR COMPASSIONATE RELEASE
13  KAUSHAL KAINTH,

14                  Defendant.

15

16                        **I. BACKGROUND**

17        This matter comes before the Court on Defendant Kaushal Kainth's motion for

18  compassionate release.  Dkt. 234.  Having thoroughly considered the parties' briefing and

19  the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the

20  motion for the reasons explained herein.

21        In 2009, Mr. Kainth and his co-defendants were charged with conspiring to

22  transport several large shipments of MDMA/Ecstasy from Washington State to California

23  and elsewhere.  Over several dates in early 2009, Mr. Kainth picked up large duffel bags

24  of drugs that had likely been smuggled across the Canadian border.  His co-conspirators

25  were then directed by other, unknown co-conspirators, to deliver the drugs to others.  Mr.

26  Kainth and his co-defendant Hardeep Singh were both convicted following a jury trial in

27  October 2009.

28

ORDER - 1

Notably, Mr. Kainth fled to Canada on the second day of trial.  Pursuant to Criminal Rule 43, the Court found that Mr. Kainth had voluntarily absented himself from trial and he was convicted in absentia.  Dkt. 97.

Although the conduct occurred in 2009, because Mr. Kainth fled mid-trial, sentencing did not take place until 2016, when Mr. Kainth was returned to the United States.  On June 17, 2016, this Court sentenced Mr. Kainth to an 84-month prison term.  Dkt. 216.

On April 13, 2020, Mr. Kainth filed the instant motion requesting compassionate release.  Dkt. 234.  Mr. Kainth is now 31 years of age and incarcerated at the Great Plains Correctional Facility in Hinton, Oklahoma, with a projected release date of December 16, 2021.  In his reply brief, Mr. Kainth clarified that he is subject to an immigration detainer lodged by Immigration and Customs Enforcement ("ICE") because he is a citizen and national of India, and therefore is seeking a reduction in his sentence so he can be transferred to an ICE facility pending removal proceedings.  He argues an immigration detainer does not preclude a reduction in sentence and that other courts have granted compassionate release despite the placement of a detainer.  Dkt. 245.

Mr. Kainth contends his health circumstances put him at a higher risk to suffer serious complications or even death if infected with COVID-19.  Dkt. 234.  Specifically, Mr. Kainth contends his diagnosis of pneumonia in late December of 2019, and an associated cough lingering into February 2020, elevates his risk of contracting COVID-19.  Dkt. 245, Ex. 1.  Mr. Kainth argues his relatively young age and his lack of current health complications do not preclude his risk of developing COVID-19 complications should he contract the disease.

The Government has responded that Mr. Kainth's fear of contracting COVID-19 is wholly speculative, that the Bureau of Prisons (BOP) is taking extraordinary steps to prevent the spread of COVID-19 in its own facilities and in its contract facilities, and that general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.  Dkt. 237.  The

Government also challenges Mr. Kainth's assertion about the lack of COVID-19 testing at the contract detention facility where he is being housed.  As correctly noted, Mr. Kainth does not suggest the facility is unequipped to provide appropriate medical treatment if he were to become ill.  At best, Mr. Kainth suggests he has lingering effects from the pneumonia.  But, he has not presented sufficient evidence that care is not taken with respect to the inmates at his facility or that appropriate health care is not provided.  To the contrary, the weight of what is before this Court suggests that the Geo Group that operates the institution has posted a summary of the efforts it is making in its institutions on its website.  More to the point, it references that its institutions are following the guidance provided by the CDC for correctional and detention facilities.

The Government argues that even if Mr. Kainth is at some particular increased medical risk for COVID-19 at Great Plains Correctional Facility, he must still establish that he would qualify for immediate release under § 3582, which requires Mr. Kainth to establish he is suffering from either a terminal illness or a "serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13, cmt. n.1.  The Government argues those circumstances do not include a defendant being at higher risk of contracting a pandemic virus in prison, even if such a higher risk exists.  Dkt. 237.

The Government further argues Mr. Kainth has failed to provide any evidence that he would be less likely to contract COVID-19 if released and that there is no basis to conclude that Mr. Kainth faces a significantly greater risk while in custody than what he would face in the community upon his release.  Dkt. 250.

## II. DISCUSSION

### A.    Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if

"extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

Mr. Kainth's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Kainth's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction;

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

**B.      Exhaustion of Administrative Remedies**

It is undisputed that Mr. Kainth has met the exhaustion requirement.  The Government provided the Court with documentation clearly indicating Mr. Kainth sought compassionate release on April 28, 2020.  Dkt. 250, Ex. A.  The BOP denied his request on May 28, 2020.  *Id*.

**C.      Extraordinary and Compelling Circumstances**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Kainth's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

ORDER - 5

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence. Specifically, Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1.

Mr. Kainth argues that as of the May 7, 2020 BOP tally, 27 inmates had tested positive for COVID-19 at the Great Plains Correctional Facility.  Dkt. 245, p. 3.  The

Court does not intend to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like him with associated health concerns.  But as noted in *United States v. Raja*, 954 F. 3rd 594 (3rd. Cir. 2020), the mere existence of COVID-19 in society and the possibility that it may spread to a prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.  *Id. at p. 596, citing covid-19 Action Plan* (Mar. 13, 2020, 3:09 PM), https:bop.gov/resources/news/20200313_covid-19.jsp.

The Government argues that Mr. Kainth's arguments are ones of generalized fear and suggest his medical conditions do not constitute extraordinary and compelling reasons to warrant his release.

While the Court generally agrees with the Government, the court also notes that when an inmate has health conditions that make them significantly more vulnerable to COVID-19, that likewise may constitute an extraordinary and compelling circumstance. *See e.g., United States v. Cosgrove,* Case No. CR15-0230-RSM, -F. Supp. 3rd-, 2020 WL 1875509 (W.D. Wash. April 15, 2020; *United States v. Dorsey,* Case No. CR16-0138-BLW-JCC, 2020WL 2562878 (W.D. Wash. May 19, 2020).

While some courts have held, as argued by the Government, that the Sentencing Commission's policy statement on compassionate release remains controlling in the wake of the First Step Act, this Court agrees with the position taken by numerous courts that the "old policy statement provides helpful guidance, [but]…does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."  *United States v. Cosgrove, Id.; United States v. Rodriguez*, 2020 WL 1627331, (E.D. Penn. Apr. 1, 2020; *United States v. Almontes,* 2020 WL 1812713 (D. Conn. Apr. 9, 2020); *United States v. Haynes,* No. 93 CR1043 (RJD), 2020 WL 1941478 (E.D. N.Y. Apr. 22, 2020); and *United States v. Maumau,* No. 2:08-cr-00758-TC-11, 2020 WL 806121 (D. Utah, Feb. 18, 2020).

In this case, the Court does not find that Mr. Kainth has demonstrated sufficient facts or evidence to warrant compassionate release. At best, he poses questions about the uncertainty of next steps for COVID-19 in Great Plains Correctional Institute (GPCI): what happens if he contracts and suffers from pneumonia again and whether GPCI will be able to provide adequate medical care, and could he contract pneumonia again for the second time in six months.  All of these questions equate to his generalized fear of possibilities that he may become infected with COVID-19.

General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence as set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13. *United States v. Eberhart,* No. 13-cr-00313, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020).  Nor do such fears warrant a sentence reduction under the Court's independent assessment of the facts and circumstances presented.

### III.  CONCLUSION

For the foregoing reasons, Defendant Kaushal Kainth's motion for compassionate release is **DENIED**.

DATED this 17th day of June, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER  - 8